Helen M. McFarland, SBN 231501
Andrew M. Hutchison, SBN 289315
MECKLER BULGER TILSON MARICK & PEARSON LLP
575 Market Street, 22nd Floor
San Francisco, California 94105
Telephone: (415) 644-0914
Facsimile: (415) 644-0978
Email: helen.mcfarland@mbtlaw.com
andrew.hutchison@mbtlaw.com

Mitchell J. Edlund (*pro hac vice*)
Chad W. Main, SBN 189590
MECKLER BULGER TILSON MARICK & PEARSON LLP
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 474-7900
Facsimile (312) 474-7898
Email: mitch.edlund@mbtlaw.com
chad.main@mbtlaw.com

Attorneys for Defendants,
DENNIS GARBERG AND ASSOCIATES, INC.,
dba THE SUNFLOWER GROUP, INC., and
SUNFLOWER STAFFING, LLC

FILED
2013 JUL 29 PM 3:30
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY ______

BY FAX

ORIGINAL

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SOCIAL SAMPLING, INC., and MASS CONNECTIONS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DENNIS GARBERG AND ASSOCIATES, INC. dba THE SUNFLOWER GROUP, INC., and SUNFLOWER STAFFING, LLC,<br><br>Defendants. | Case No.: SACV 13-00856 CJC (ANx)<br><br>The Honorable Cormac J. Carney<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, PERMANENT INJUNCTION AND DAMAGES, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**<br><br>Complaint Filed: June 4, 2013 |

Defendants, Dennis Garberg and Associates, Inc. dba The Sunflower Group, Inc., and Sunflower Staffing, LLC (collectively, "Sunflower"), by and through their undersigned counsel, answer Plaintiffs' Complaint and submit their Affirmative Defenses as follows:

## ANSWER

## THE PARTIES

1. Plaintiff Mass Connections, Inc. is a corporation duly organized and existing under the laws of California with its principal place of business at P.O. Box 684, Sunset Beach, CA 90742.

**ANSWER**: Sunflower is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies the same.

2. Mass Connections was principally engaged in services for managing and implementing in-store promotions, such as are commonly found at large department stores (e.g., Walmart, Target, Kmart) and grocery stores. An example of such an in-store promotion would be a demonstration of a high-end coffee maker. This demonstration might take place - for example - in a Target store.

**ANSWER**: Sunflower is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, and therefore denies the same.

3. Mass Connections would provide staffing for the demonstration of the coffee makers and would carefully collect and organize the data resulting from the demonstration. This data could include - for example - information confirming that the demonstration in fact took place (including when and for how long the demonstration lasted), information on what products were purchased/used by the

demonstration staff, as well as information on whether the demonstration resulted in an increase in sales for the coffee maker being demonstrated. Mass Connections would gather, process and deliver all this data to the customer (in this example, Target) for use in tracking/understanding product sales.

**ANSWER**: Sunflower is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and therefore denies the same.

4. Mass Connections' programs encompassed national product rollouts, re-launches, or promotional events. Mass Connections has developed promotional events for consumer products and retail companies such as Kraft, Procter & Gamble, Kroger and Target. It traced its roots back to 1976, when founder and CEO Caroline Cotten launched, what was at the time, a staffing agency.

**ANSWER**: Sunflower is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore denies the same.

5. Plaintiff Social Sampling, Inc. is a corporation duly organized and existing under the laws of California with its principal place of business at 11838 Western Avenue, Stanton, CA 90680. Social Sampling is the exclusive licensee to U.S. Patent No. 7,444,305 ("The '305 Patent") and U.S. Patent No. 7,797,191 (the "'191 Patent"). Mass Connections and Social Sampling are hereinafter collectively referred to as either "Mass Connections" or "Plaintiffs."

**ANSWER**: Sunflower is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint, and therefore denies the same.

6. As alleged below, Plaintiffs Mass Connections and Social Sampling are collectively the owner of all right, title, and interest in the '305 and '191 Patents.

**ANSWER**: Sunflower is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore denies the same.

7. Defendant Dennis Garberg and Associates, Inc. dba The Sunflower Group, Inc. ("Sunflower Group") is a corporation existing under the laws of Kansas, with its principal place of business at 14001 Marshall Drive, Lenexa, Kansas 66215. Defendant Sunflower Staffing LLC ("Sunflower Staffing") is a limited liability company existing under the laws of Kansas, with its principal place of business at 6951 E. 30th Street, Suite B, Indianapolis, Indiana 46219-1190. On information and belief, Sunflower Staffing was formed by and is wholly controlled by Defendant Sunflower Group.

**ANSWER**: Sunflower admits that Dennis Garberg and Associates, Inc. dba The Sunflower Group, Inc. is a corporation existing under the laws of Kansas, with its principal place of business at 14001 Marshall Drive, Lenexa, Kansas.

Sunflower further admits that Sunflower Staffing LLC is a limited liability company existing under the laws of Kansas, with its principal place of business at 6951 E. 30th Street, Suite B, Indianapolis, Indiana. Sunflower denies the remaining allegations contained in paragraph 7.

8. Defendant Sunflower Staffing and Sunflower Group are collectively referred to herein as "Sunflower" or "Defendants."

**ANSWER**: Sunflower admits that Sunflower Staffing and Sunflower Group are collectively referred to in the Complaint as either Sunflower or Defendants.

## JURISDICTION AND VENUE

9. This is a civil action for patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 101 et seq. This court has subject matter jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**: Sunflower admits that the Complaint purports to assert claims for patent infringement under the laws of the United States and this Court has subject matter jurisdiction over such claims. Further answering, Sunflower denies the remaining allegations contained in paragraph 9.

10. Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) in that the acts and transactions complained of herein were conceived, carried out, made effective, and had effect within the State of California and within this district, among other places. Defendants each reside in this judicial district by

virtue of their business activities in this district and each has committed acts of infringement in this judicial district.

**ANSWER**: Sunflower admits that venue is proper in this judicial district, but denies all allegations of wrongdoing. Further answering, Sunflower denies the remaining allegations contained in paragraph 10 of the Complaint.

**U.S. PATENT NO. 7,797,191**

11. On September 14, 2010, the United States Patent & Trademark Office duly and legally issued United States Letters Patent No. 7,797,191 ("the '191 Patent"), entitled "Promotional Event Tracking System." The '191 Patent is attached as **Exhibit A** to this Complaint and is incorporated by reference in its entirety.

**ANSWER**: Sunflower admits that on its face U.S. Patent No. 7,797,191 was issued on September 14, 2010 and is entitled "Promotional Event Tracking System." Sunflower denies the remaining allegations contained in paragraph 11.

12. By way of example only, the '191 patent describes, among other things, a system for coordinating and tracking product and service demonstrations. Within this system, an Event Coordinator directs Event Operators to conduct a product or service event where the Event Coordinator provides Event Operator with various types of cards (e.g., a credit card or debit card) to purchase items needed for a demonstration. The Event Operator contacts a the card administration system to -

among other things - activate the card, verify that the provided card ID and the event ID match, and authorize a budget for the card. The Event Operator is then permitted to purchase items with the card and conduct the planned product or service demonstration. Event data from the demonstration can then be provided to those involved in the demonstration (product manufacturer, service providers, etc.), the Event Coordinator, the Event Operator, a staffing agency, or a retail store. The described system is used to - among other things, obtain event data such as participation information for the Event Operators enrolled for the promotional event.

**ANSWER**: Sunflower admits that the '191 Patent generally describes a system for coordinating and tracking product and service demonstrations. Sunflower denies the remaining allegations contained in paragraph 12.

**U.S. PATENT NO. 7,444,305**

13. On October 28, 2008, the United States Patent & Trademark Office duly and legally issued United States Letters Patent No. 7,444,305 ("the '305 Patent"), entitled "Methods of Coordinating Products and Service Demonstrations." The '305 Patent is attached as **Exhibit B** to this Complaint and is incorporated by reference in its entirety.

**ANSWER**: Sunflower admits that on its face U.S. Patent No. 7,444,305 was issued on October 28, 2008 and is entitled "Methods of Coordinating Products

and Service Demonstrations." Sunflower denies the remaining allegations contained in paragraph 13.

14. By way of example only, the '305 Patent describes, among other things, methods for coordinating products and service demonstrations. According to the '305 Patent, an Event Coordinator directs Event Operators to conduct product and service demonstrations, and provides the Event Operators with cards to purchase demonstration items. The Event Operator contacts the card administration system to - among other things - activate the card, verify that the card ID and event ID match and are valid, and authorize a budget for the demonstration event with the card. The Event Operator then purchases items with the card and conducts demonstrations. Participation information for the event can be gathered based on purchases made by the Event Operator with the activated card.

<u>**ANSWER**</u>: Sunflower admits that the '305 Patent generally describes a system for coordinating and tracking product and service demonstrations. Sunflower denies the remaining allegations contained in paragraph 14.

**FIRST CLAIM FOR RELIEF**

**AGAINST ALL DEFENDANTS FOR DIRECT, CONTRIBUTORY AND INDUCING INFRINGEMENT OF U.S. PATENT NO. 7,797,191**

15. Plaintiffs incorporate herein by reference the allegations set forth in the above paragraphs of the Complaint as though fully set forth herein.

**ANSWER**: Sunflower realleges and incorporates by reference its responses to paragraphs 1 through 14 as if fully set forth herein.

16. A true and correct copy of the '191 Patent is attached as Exhibit A and incorporated herein by reference.

**ANSWER**: Sunflower admits that a copy of the '191 Patent purports to be attached to the Complaint as Exhibit A, but that '191 Patent speaks for itself and for which no answer is required, and therefore Sunflower denies the remaining allegations contained in paragraph 16 of the Complaint to the extent they are inconsistent with or are an improper characterization of the '191 Patent.

17. Defendants have directly infringed and continue to directly infringe at least claim 1 of the '191 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, systems used to schedule, staff, and track the results of product and/or service demonstrations ("the Accused Sunflower Instrumentalities"), which perform each and every step recited in at least claim 1 of the '191 Patent.

**ANSWER:** Sunflower denies the allegations contained in paragraph 17.

18. Defendants have contributed to the infringement of and continues to contributorily infringe at least claim 1 of the '191 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Sunflower Instrumentalities. In particular:

- The Accused Sunflower Instrumentalities have no substantial use other than to be used by Defendants and/or their employees, agents, or contractors to perform each and every step recited in at least claim 1 of the '191 Patent.
- Defendants developed, made, used, offered to sell, sold and/or imported, the Accused Sunflower Instrumentalities with (as explained further below) full knowledge of the '191 Patent and its applicability to the Accused Sunflower Instrumentalities.

**ANSWER**: Sunflower denies the allegations contained in paragraph 18.

19. Defendants have induced infringement of and continues to induce infringement one or more claims of the '191 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Sunflower Instrumentalities. In particular:

- Among other things, Defendants have specifically designed the Accused Sunflower Instrumentalities with (as explained further

below) full knowledge of the '191 Patent and its applicability to the Accused Sunflower Instrumentalities.

- Despite their full knowledge of the '191 Patent, Defendants have specifically instructed its employees, customers, agents, and/or contractors to use the Accused Sunflower Instrumentalities in a manner that infringes at least claim 1 of the '191 Patent. For example, Defendants provides such instructions to its employees, customers, agents, and/or contractors via its website, employee manuals, and/or other written materials.

**ANSWER**: Sunflower denies the allegations contained in paragraph 19.

20. Defendants have committed the above acts of infringement with full knowledge of the Asserted Patents, including claim at least claim 1 of the '191 Patent, and their applicability to the Accused Sunflower Instrumentalities. Defendants' knowledge of the '191 Patent includes at least the following:

- On or about October 14, 2008, Mass Connections sent a letter to Defendants' president, Dennis Garberg. In its letter, Mass Connections identified the '191 patent and its applicability to the services being performed by Defendants.

**ANSWER**: Sunflower admits that Plaintiffs sent a letter to Sunflower's president on or about October 14, 2008, but denies that the letter relates to the '191 Patent. Sunflower further denies that the '191 Patent is applicable to the services being performed by Sunflower. Further answering, Sunflower denies the remaining allegations contained in paragraph 20.

21. Defendants were thus on notice of Mass Connections' intellectual property rights related to Accused Sunflower Instrumentalities and, on information and belief, specifically investigated the applicability of those rights (including the rights reflected in the '191 Patent) to the Accused Sunflower Instrumentalities. Defendants have not, however, ceased its infringement of the '191 Patent, including at least claim 1 of the '191 Patent.

**ANSWER**: Sunflower denies the allegations contained in paragraph 21.

22. Defendants' actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of at least claim 1 of the '191 Patent in violation of 35 U.S.C. § 271.

**ANSWER**: Sunflower denies the allegations contained in paragraph 22.

23. Mass Connections has sustained damages and will continue to sustain damages as a result of Defendants' acts of infringement.

**ANSWER**: Sunflower denies the allegations contained in paragraph 23.

24. Mass Connections is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

**ANSWER**: Sunflower denies the allegations contained in paragraph 24.

25. Defendant's infringement of the '191 Patent, including at least claim 1 of the '191 Patent, will continue to damage Mass Connections' business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

**ANSWER**: Sunflower denies the allegations contained in paragraph 25.

26. Defendants' infringement of the '191 Patent, including at least claim 1 of the '191 Patent, amounts to willful infringement, entitling Mass Connections to increased damages and attorney fees and costs incurred in prosecuting this action under 35 U.S.C. §§ 284 and 285. Indeed, Defendants have infringed the '191 Patent with full knowledge of this patent, including full knowledge that its actions constituted infringement of the '191 Patent.

**ANSWER**: Sunflower denies the allegations contained in paragraph 26.

27. As a direct and proximate result of Defendants' infringement of the '191 Patent, Plaintiffs have been and continue to be damaged in an amount yet to be determined.

**ANSWER**: Sunflower denies the allegations contained in paragraph 27.

28. Unless a preliminary and permanent injunction are issued enjoining Defendants and their officers, agents, servants and employees, and all others acting on their behalf or in concert with Defendants, from infringing the '191 Patent, Plaintiffs will be greatly and irreparably harmed.

**ANSWER**: Sunflower denies the allegations contained in paragraph 28.

## SECOND CLAIM FOR RELIEF

## AGAINST ALL DEFENDANTS FOR DIRECT, CONTRIBUTORY AND INDUCING INFRINGEMENT OF U.S. PATENT NO. 7,444,305

29. Plaintiffs incorporate herein by reference the allegations set forth in the above paragraphs of the Complaint as though fully set forth herein.

**ANSWER**: Sunflower realleges and incorporates by reference its responses to paragraphs 1 through 28 as if fully set forth herein

30. A true and correct copy of the '305 Patent is attached as Exhibit B and incorporated herein by reference.

**ANSWER**: Sunflower admits that a copy of the '305 Patent purports to be attached to the Complaint as Exhibit B, but that '305 Patent speaks for itself and for which no answer is required, and therefore Sunflower denies the remaining allegations contained in paragraph 30 of the Complaint to the extent they are inconsistent with or are an improper characterization of the '305 Patent.

31. Defendants have directly infringed and continue to directly infringe at least claim 1 of the '305 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, systems used to schedule, staff, and track the results of product and/or service demonstrations ("the Accused Sunflower Instrumentalities"), which perform each and every step recited in at least claim 1 of the '305 Patent.

**ANSWER**: Sunflower denies the allegations contained in paragraph 31.

32. Defendants have contributed to the infringement of and continues to contributorily infringe at least claim 1 of the '305 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Sunflower Instrumentalities. In particular:

- The Accused Sunflower Instrumentalities have no substantial use other than to be used by Defendants and/or their employees, agents, or contractors to perform each and every step recited in at least claim 1 of the '305 Patent.
- Defendants developed, made, used, offered to sell, sold and/or imported, the Accused Sunflower Instrumentalities with (as explained further below) full knowledge of the '305 Patent and its applicability to the Accused Sunflower Instrumentalities.

**ANSWER**: Sunflower denies the allegations contained in paragraph 32.

33. Defendants have induced infringement of and continues to induce infringement one or more claims of the '305 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Sunflower Instrumentalities. In particular:

- Among other things, Defendants have specifically designed the Accused Sunflower Instrumentalities with (as explained further below) full knowledge of the '305 Patent and its applicability to the Accused Sunflower Instrumentalities.
- Despite their full knowledge of the '305 Patent, Defendants have specifically instructed its employees, customers, agents, and/or contractors to use the Accused Sunflower Instrumentalities in a manner that infringes at least claim 1 of the '305 Patent. For example, Defendants provides such instructions to its employees, customers, agents, and/or contractors via its website, employee manuals, and/or other written materials.

**ANSWER**: Sunflower denies the allegations contained in paragraph 33.

34. Defendants have committed the above acts of infringement with full knowledge of the Asserted Patents, including claim at least claim 1 of the '305 Patent, and their applicability to the Accused Sunflower Instrumentalities. Defendants' knowledge of the '305 Patent includes at least the following:

- On or about October 14, 2008, Mass Connections sent a letter to Defendants' president, Dennis Garberg. In its letter, Mass Connections identified the '305 patent and its applicability to the services being performed by Defendants.

**ANSWER**: Sunflower admits that Plaintiffs sent a letter to Sunflower's president on or about October 14, 2008, but denies that the '305 Patent is applicable to the services being performed by Sunflower. Further answering, Sunflower denies the remaining allegations contained in paragraph 34.

35. Defendants were thus on notice of Mass Connections' intellectual property rights related to Accused Sunflower Instrumentalities and, on information and belief, specifically investigated the applicability of those rights (including the rights reflected in the '305 Patent) to the Accused Sunflower Instrumentalities. Defendants have not, however, ceased its infringement of the '305 Patent, including at least claim 1 of the '305 Patent.

**ANSWER**: Sunflower denies the allegations contained in paragraph 35.

36. Defendants' actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of at least claim 1 of the '305 Patent in violation of 35 U.S.C. § 271.

**ANSWER**: Sunflower denies the allegations contained in paragraph 36.

37. Mass Connections has sustained damages and will continue to sustain damages as a result of Defendants' acts of infringement.

**ANSWER**: Sunflower denies the allegations contained in paragraph 37.

38. Mass Connections is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

**ANSWER**: Sunflower denies the allegations contained in paragraph 38.

39. Defendant's infringement of the '305 Patent, including at least claim 1 of the '305 Patent, will continue to damage Mass Connections' business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

**ANSWER**: Sunflower denies the allegations contained in paragraph 39.

40. Defendants' infringement of the '305 Patent, including at least claim 1 of the '305 Patent, amounts to willful infringement, entitling Mass Connections to increased damages and attorney fees and costs incurred in prosecuting this action under 35 U.S.C. §§ 284 and 285. Indeed, Defendants have infringed the '305 Patent with full knowledge of this patent, including full knowledge that its actions constituted infringement of the '305 Patent.

**ANSWER**: Sunflower denies the allegations contained in paragraph 40.

41. As a direct and proximate result of Defendants' infringement of the '305 Patent, Plaintiffs have been and continue to be damaged in an amount yet to be determined.

**ANSWER**: Sunflower denies the allegations contained in paragraph 41.

42. Unless a preliminary and permanent injunction are issued enjoining Defendants and their officers, agents, servants and employees, and all others acting on their behalf or in concern with Defendants, from infringing the '305 Patent, Plaintiffs will be greatly and irreparably harmed.

**ANSWER**: Sunflower denies the allegations contained in paragraph 42.

**WHEREFORE,** Defendants, Dennis Garberg and Associates, Inc. dba The Sunflower Group, Inc., and Sunflower Staffing, LLC, pray that this Court enter judgment in their favor and against Plaintiffs, dismissing the Complaint with prejudice, and awarding Defendants their costs, and for such other and further relief as this Court deems just and proper.

## GROUNDS TO DENY RECOVERY AND/OR AFFIRMATIVE DEFENSES

Dennis Garberg and Associates, Inc. dba The Sunflower Group, Inc., and Sunflower Staffing, LLC (collectively, "Sunflower"), without waiving any of the denials contained in the foregoing Answer to Plaintiffs' Complaint, assert the following defenses to the Complaint, without assuming the burden of proof related to these grounds or defenses, affirmative or otherwise, for matters for which the burden is not normally upon the responding party:

### First Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Sunflower has not and does not infringe, either directly or contributorily, claim 1 or any claim of U.S. Patent Nos. 7,444,305 or 7,797,191. Further, Sunflower has not induced any other defendant, person, or entity to infringe, either directly or contributorily, claim 1 or any of U.S. Patent Nos. 7,444,305 or 7,797,191.

**Third Affirmative Defense**

U.S. Patent Nos. 7,444,305 and 7,797,191 are each invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 101 et seq.

**Fourth Affirmative Defense**

Plaintiffs' claims against Sunflower are barred by the doctrine of laches, waiver, or legal or equitable estoppel.

**WHEREFORE,** Defendants, Dennis Garberg and Associates, Inc. dba The Sunflower Group, Inc., and Sunflower Staffing, LLC, pray that this Court enter judgment in their favor and against Plaintiffs, dismissing the Complaint with prejudice, and awarding Defendants their costs, and for such other and further relief as this Court deems just and proper.

**COUNTERCLAIM FOR DECLARATORY RELIEF**

Defendants/Counter-Plaintiffs, Dennis Garberg & Associates, Inc. d/b/a the Sunflower Group, and Sunflower Staffing, LLC (collectively, "Sunflower "), by and through their undersigned attorneys, for their Counterclaim against Plaintiffs/Counter-Defendants, Mass Connections, Inc. ("Mass Connections") and

Social Sampling, Inc. ("Sampling" and together with Mass Connections, "Counter-Defendants"), state as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action for patent invalidity and non-infringement under the patent laws of the United States, 35 U.S. §§ 100 *et seq.* relating to Counter-Defendants' claimed ownership of United States Patent No. 7,444,305 ("the '305 Patent"), entitled "Methods of Coordinating Products and Service Demonstrations" and United States Patent No. 7,797,191 ("the '191 Patent"), entitled "Promotional Event Tracking System."

## THE PARTIES

2. Sunflower is a corporation organized under the laws of the State of Kansas with its principal place of business located in Lenexa, Kansas. Sunflower provides in-store, in-home, and event marketing services for numerous retail products throughout the United States.

3. Sunflower Staffing is a Kansas limited liability company with its principal place of business in Indianapolis, Indiana. Sunflower Staffing provides talent for event demonstrations and event demonstration management.

4. Mass Connections is, upon information and belief, a California corporation with its principal place of business in Cerritos, California.

5. Social Sampling is, upon information and belief, is a California corporation with its principal place of business in Stanton, California. Upon

information and belief, Social Sampling is a licensee to the '305 Patent and the '191 Patent.

## JURISDICTION AND VENUE

6. This court has subject matter jurisdiction of this action under 28 U.S.C. §§ 2201 and 2202, and pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Personal jurisdiction and venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because Counter-Defendants transact business in this district and Counter-Defendants filed their claim for patent infringement in this district in response to which this Counterclaim is filed. Further, Counter-Defendants are subject to personal jurisdiction in this judicial district by virtue of their doing business in this district and their continuous and systematic contacts with this district.

## FIRST CLAIM
## (Declaratory Judgment of Non-Infringement)

8. Counter-Defendants claim that they own the '305 Patent and the '191 Patent. Counter-Defendants have expressly charged Sunflower with infringing the '305 Patent and the '191 Patent.

9. On October 14, 2008, Defendant, Mass Connections, sent Sunflower a letter stating that the card utilized by Sunflower infringes the '305 Patent and demanding that Sunflower immediately cease and desist any further infringement of the MC Card. The letter further stated that if further infringement occurs, Mass

Connections would immediately seek injunctive relief and seek damages including attorneys' fees. In addition, Counter-Defendants' have brought this action for patent infringement against Sunflower.

10. Sunflower contends that it has not infringed and is not now infringing on Claim 1 or any valid claim of the '305 Patent or infringing on Claim 1 or any valid claim of the '191 Patent.

11. Based on Counter-Defendants' allegations of infringement and other demands and threats, Counter-Defendants have put Sunflower in the position of either of pursuing behavior that Counter-Defendants allege constitute an infringement or abandoning a course of action which Sunflower believes it has a lawful right to pursue relating to its marketing business.

12. Accordingly, there exists an actual and justiciable controversy between the parties, and Sunflower requests a declaratory judgment in its favor of non-infringement of the '305 Patent and the '191 Patent. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

13. To the extent that this is an exceptional case under 35 U.S.C. § 285, Sunflower is entitled to recover their costs and attorneys' fees incurred in connection with this action from Counter-Defendants.

**WHEREFORE,** Counter-Plaintiffs Dennis Garberg & Associates, Inc. d/b/a the Sunflower Group and Sunflower Staffing, LLC pray for the following relief against Counter-Defendants, Social Sampling, Inc. and Mass Connections, Inc.:

A. Declaring that Sunflower and Sunflower Staffing have not infringed, induced others to infringe or contributed to the infringement of any valid claim of the '305 Patent and the '191 Patent;

B. Enjoining Mass Connections and Social Sampling, their officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from making any claims that Sunflower or Sunflower Staffing infringes that '305 Patent and the '191 Patent;

C. Awarding Sunflower and Sunflower Staffing judgment in their favor that this case is exceptional and granting an award of reasonable attorneys' fees and expenses to Sunflower and Sunflower Staffing pursuant to 35 U.S.C. § 285 or awarding Sunflower and Sunflower Staffing their attorneys' fees and costs pursuant to any other right or statute; and

D. Awarding such other relief as the Court deems just and proper.

**SECOND CLAIM**
**(Declaratory Judgment of Patent Invalidity)**

14. Sunflower re-alleges and repeats paragraphs 1 through 13 of the Counterclaim as paragraph 14, as though fully set forth herein.

15. Counter-Defendants have alleged that the '305 Patent and the '191 Patent were duly and legally issued.

16. Counter-Defendants have accused Sunflower of patent infringement of the '305 Patent and the '191 Patent, which Counter-Defendants contend are valid and

enforceable.

17. The claims of the '305 Patent and the '191 Patent are invalid and void at least under one or more of the provisions of 35 U.S.C. §§ 102, 103 and 112.

18. Because of its allegations of patent infringement, Counter-Defendants have put Sunflower in the position of either pursuing behavior that Counter-Defendants allege constitute an infringement of valid U.S. Patents or abandoning a course of action which Sunflower believes it has a lawful right to pursue.

19. Therefore, there exists an actual and justiciable controversy between the parties as to the validity of the '305 Patent and the '191 Patent, and Sunflower requests a declaratory judgment in its favor that the '305 Patent and the '191 Patent are invalid. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective right and duties.

20. To the extent that this is an exceptional case under 35 U.S.C. § 285, Sunflower is entitled to recover their costs and attorneys' fees incurred in connection with this action from Counter-Defendants.

**WHEREFORE,** Counter-Plaintiffs Dennis Garberg & Associates, Inc. d/b/a the Sunflower Group and Sunflower Staffing, LLC pray for the following relief against Counter-Defendants, Social Sampling, Inc. and Mass Connections, Inc.:

A. Entering judgment declaring that the '305 Patent and the '191 Patent are invalid;

B. Enjoining Mass Connections and Social Sampling, their officers, partners, employees, agents, parents, subsidiaries, attorneys, and

anyone acting in concert or participation with any of them from making any claims that the Sunflower Group or Sunflower Staffing infringes on the '305 Patent and the '191 Patent;

C. Awarding the Sunflower Group and Sunflower Staffing judgments in their favor that this case is exceptional and granting an award of reasonable attorneys' fees and expenses to the Sunflower Group and Sunflower Staffing pursuant to 35 U.S.C. § 285 or awarding the Sunflower Group and Sunflower Staffing their attorneys' fees and costs pursuant to any other right or statute; and

D. Awarding such other relief as the Court deems just and proper.

**<u>THIRD CLAIM</u>**
**(Breach of Contract)**
**(Dennis Garberg & Associates – Mass Connections, Inc.)**

21. Dennis Garberg & Associates, Inc. d/b/a the Sunflower Group (the "Sunflower Group") re-alleges and repeats paragraphs 1 through 7 of the Counterclaim as paragraph 21, as though fully set forth herein.

22. In September 2009, Mass Connections, Inc. ("Mass Connections") secured the Sunflower Group's services to conduct a national marketing program at Super Target Stores for various Fiber One products manufactured by General Mills. The marketing program was governed by a Super Target Program Estimate, dated September 6, 2009 (the "Fiber One Agreement"). (A true and accurate copy of the Fiber One Agreement is attached as Exhibit A.)

23. Under the Fiber One Agreement, the Sunflower Group provided in-store demonstration services in Super Target Stores for the Fiber One products. In return for performing the demonstration services for the Fiber One products, Mass

Connections agreed to pay the Sunflower Group a total amount of $39,984.00, plus all associated costs. (Exhibit A.)

24. On September 30, 2009, the Sunflower Group sent an invoice to Mass Connections in the amount of $39,984.00 for services performed under the Fiber One Agreement. (A true and accurate copy of Invoice No. 40455 is attached as Exhibit A.)

25. Thereafter, in October 2009, Mass Connections secured the Sunflower Group's services to conduct a national marketing program at Super Target Stores for General Mill's Progressive Soup Products. The marketing program was governed by a Super Target Event Agreement Form, dated October 2, 2009 (the "Progressive Soup Agreement"). (A true and accurate copy of the Progressive Soup Agreement is attached as Exhibit B.)

26. Under the Progressive Soup Agreement, the Sunflower Group provided in-store demonstration services in connection with Progressive Soup products. In return for performing the demonstration services for the Progressive Soup products, Mass Connections agreed to pay the Sunflower Group a total amount of $10,004.49, plus all associated costs. (Exhibit B.)

27. On February 9, 2010, the Sunflower Group sent an invoice to Mass Connections in the amount of $10,004.49 for services performed under the Progressive Soup Agreement. (A true and accurate copy of Invoice No. 42323 is attached as Exhibit B.)

28. In March 2010, Mass Connections again secured the Sunflower Group's services to conduct a national marketing program at Fry's Food and Drug Stores for General Mills' Wheaties and Cheerios products. The marketing program was governed by a Kroger Fry's Event Agreement Form, dated January 8, 2010 (the "Wheaties Agreement"). (A true and accurate copy of the Wheaties Agreement is attached as Exhibit C.)

29. Under the Wheaties Agreement, the Sunflower Group provided in-store demonstration services in Fry's Stores for the Wheaties and Cheerios products. In return for performing the demonstration services for the Wheaties and Cheerios products, Mass Connections agreed to pay the Sunflower Group a total amount of $22,336.80, plus all associated costs. (Exhibit C.)

30. On March 25, 2010, the Sunflower Group sent an invoice to Mass Connections in the amount of $22,336.80 for services performed under the Wheaties Agreement. (A true and accurate copy of Invoice No. 42996 is attached as Exhibit C.)

31. Mass Connections secured the Sunflower Group's services again in April 2010 to conduct a national marketing program at Super Target Stores for General Mills' Betty Crocker Warm Delights products. The marketing program was governed by a Super Target Event Agreement Form, dated April 16, 2010 (the "Betty Crocker Agreement"). (A true and accurate copy of the Betty Crocker Agreement is attached as Exhibit D.)

32. Under the Betty Crocker Agreement, the Sunflower Group provided in-store demonstration services in Super Target Stores for the Betty Crocker Warm Delights products. In return for performing the demonstration services for the Betty Crocker Warm Delight products, Mass Connections agreed to pay the Sunflower Group a total amount of $40,297.40, plus all associated costs. (Exhibit D.)

33. On June 24, 2010, the Sunflower Group sent an invoice to Mass Connections in the amount of $40,297.40 for services performed under the Betty Crocker Agreement. (A true and accurate copy of Invoice No. 44375 is attached as Exhibit D.)

34. Mass Connections, however, has refused to pay any portion of Invoice Nos. 40455, 42323, 42996, or 44375, despite the fact that the Sunflower Group performed the required marketing and demonstration services due and owing under the above agreements. To date, $116,735.00 remains due and owing, plus accrued interest of $91,538.00.

35. The Sunflower Group performed all conditions required of it under the Fiber One Agreement, the Progressive Soup Agreement, the Wheaties Agreement, and the Betty Crocker Agreement.

36. As a direct and proximate result of Mass Connection's unilateral dealings and material breach of the terms of the above agreements, as well as Mass Connection's breach of the implied covenant of good faith and fair dealing, the Sunflower Group has suffered damages in an amount in excess of $75,000.00.

**WHEREFORE,** Counter-Plaintiff Dennis Garberg & Associates, Inc. d/b/a the Sunflower Group prays for the following relief against Counter-Defendant, Mass Connections, Inc.:

A. Entering judgment in favor of the Sunflower Group and against Mass Connections in an amount in excess of $75,000.00;

B. Awarding court costs, attorneys' fees, pre-judgment and post-judgment interest at the appropriate statutory rate of interest to be added to the Judgment in favor of the Sunflower Group and against Mass Connections; and

C. Awarding such other relief as the Court deems just and proper.

Dated: July 29, 2013

MITCHELL J. EDLUND
MECKLER BULGER TILSON
MARICK & PEARSON LLP

By: ______________________

Attorneys for Defendants, DENNIS GARBERG AND ASSOCIATES, INC. dba THE SUNFLOWER GROUP, INC., and SUNFLOWER STAFFING, LLC